Mr. Hepplewhite, you have two issues in front of you. One of them is the interpretation of subsection 7433A. The other is a pleading issue. I'm going to start with the statutory interpretation because I believe that's the most important. Also, my time will be limited. The government's assertion that subsection 7433A, pardon me, the issue for you is whether or not that subsection says that an IRS staff member can be subject to suit in an individual capacity only if there is misconduct during the collection process or- Which is, after all, what the statute says, if in connection with any collection of federal tax. Well- Right? Yes, but the issue, okay, there are, I, perhaps I didn't hear you correctly. Well, I said in connection with any collection of federal tax. Now, it doesn't mean, well, you can tell me if this is what you're thinking. We wouldn't even have an internal revenue code, period, if we didn't want to collect tax dollars. So, if you're arguing that this statute, without any other limitation, allows people to sue officers or employees of the perhaps the one you're making, if you're saying that collection means collection and assessment and determination and all these other things that the IRS does, then we need to talk about that. I didn't- So, do you think anything, do you think this is just a generic, it's like the Federal Tort Claims Act, except it's for the IRS. You think this allows lawsuits against IRS individuals for virtually anything that happens? Only if collection matters begin. The reason for that is the choice of the word in connection with. What that means- Well, when do collection, what do you think marks the beginning of collection? There are IRS rules and regulations and statutes that talk about it. The Gospel according to Heplwhite is that once they've determined a tax and says, you owe it and you haven't the collection process. If, in fact, the statute were written as, if in the course of any collection of any federal tax, or if it was written if while engaged in, or if during the collection of any federal tax, then the service's position would be correct. The statute would be saying, you are only subject, staff members are only subject to violating a collection provision. That's not what the IRS's position is, though. It's if, if in conjunction or in connection with the collection, as opposed to the assessment, you know, the earlier stages, then the language broadens out. But you have to have that link, that relational link to collection. That's the words in connection with. Right. In this case, it's about the assessment of taxes, not the collection. That's correct, but there was a violation. So why does this cover? It covers it because they have started the collection process. So what do we make of the drafting history in Congress, which shows that the conference committee specifically addressed proposed language to allow a claim for damages if in connection with the determination or collection of any federal tax, the IRS misbehaved, and the conference report compromised ultimately by removing the reference to determination, as well as removing for that, for that for a while there, anyway, the reference to careless actions. Okay. There are two matters. First, you don't get to that unless you find an ambiguity in the statute itself, and I don't wish to say that there is an ambiguity. Now, to address your question, it says, the provision, the portion of it says, an action under this provision may not be based on an alleged reckless or intentional disregard in connection with the determination of a tax. It's not. It's in connection with the collection of a tax. But you also have to read what is also around that sentence in the conference report. The conference report is inconsistent and in conflict with the statute. How? The sentence that proceeds it says, this provision is limited to reckless or intentional disregard in connection with the collection of a tax. That's not what subsection 7433A says. It says that It just shuffles it around. The first clause is the in connection with collection clause, and then a line, you know, after the comma, we get recklessly or intentionally or by negligence disregards language. What's the difference? If you, if I understand your point correctly, then in my view, you are reading out the definition of in connection with. To go to the point that was raised about the conference agreement, the conference agreement says negligence is not part of the statute. In fact, it is part of the statute. Well, it is now. What? It was amended in 96, right? We are looking at the 1988 conference report, right? Okay, which gets rid of negligence and gets rid of determination. And then negligence comes back in, but determination doesn't. The point of the sentence that you raise is that it takes something out of the statute. What it takes out is the issue that we have before us, and that is what does in connection with mean? And you think that phrase is just so crystal clear we shouldn't even look at the conference report, right? That's my first point, and the reason is that comparison between in connection with or the other choices of words that could have been used in the course of, while engaged in, during, that would be the crystal clear element. And when you say in connection with, then you have to look at what in connection with means. But you think in connection, or at least I understand your argument to be that everything that leads to the collection of a tax is in connection, and so the assessment, I mean, your complaint is not about anything they did to collect this money. Your complaint is about a wrongful assessment. And that's. That is correct. That does not strike me in any universe I'm familiar with with taxes as in connection with collection. Assessment is a wholly different stage. I disagree with your statement that in any universe with which you're connected. The universe with which I am referring is the universe of not only what does in connection with mean, but several cases from this court or the United States Supreme Court, which I cited. Yeah, we've never equated, though. I mean, the determination of a tax is one thing, then the IRS will assess the tax, they'll say this is how much you owe. And the collection stage is a distinct stage in tax law. It is a, it is a connect, it is a different stage. But to go to, for example, one of the cases that, the cases that I cited on the civil side, and I didn't cite others because there was no sense in it. There is arguably, under your interpretation, there is no connection with soliciting a contract for the sale of commodity futures and the actual sales of the commodity futures. Tax law is its own universe, as you well know. And my wife is a tax professor. And other people don't worry about tax year 1994 versus tax year 1995. But in the tax world, assessment and collection are not regarded as synonyms. I'm not saying that they're synonyms. What I'm saying is that the collection of a tax requires a connection to an assessment of a tax. That's right. And so you're trying to, in a way that the legislative history that Judge Hamilton's pointing to, it's really a conflict with what you're saying. You're trying to expand the word collection to mean everything that leads up to collection as well as the collection process. Maybe they garnish wages, maybe they take your house, maybe they seize your bank account. You know, they collect the money however they collect it. But that's the narrow meaning of collection. I don't agree that that's the narrow meaning of in connection. I don't agree that in connection is that narrow. But I do agree that that is the argument that I'm making that the matters that are in connection prior to that. The things that lead up. Okay. Yes. And in fact, this Court has on the flip side said the stuff after that does not in fact constitute in connection with. My red light's on. I'll see you in a moment. If I could just ask you for a moment about the pleading issue. In the pleading issue, you quoted in several places in your brief at pages 14 and 15, I believe, from the USXREL presser against Acacia case. Several of those quotations were from the dissenting opinion, which I happen to like because I wrote it. Judge Ripple wrote the opinion for the majority, but I was troubled that there was no indication that you were quoting the dissent. Frankly, it was wholly inadvertent. If I wanted to misrepresent something, I would have misrepresented something far more important than that. Okay? Does that make sense? I don't suggest it's intentional, but I suggest that... Care. Yes. Thank you. I'll see you in a few minutes. I'll give you a final minute. All right. Ms. Ugalini. Good afternoon. Francesca Ugalini for the United States. This case is about the taxpayer's long-running attempt to get out of a settlement agreement that it entered into with the IRS in 2003 regarding its 1994 tax liability. The district court, after giving the taxpayers numerous opportunities to amend their complaint, dismissed the complaint with prejudice for two reasons. One of the claims was time-barred and procedurally improper, and the other claim, the 7433 claim that my opposing counsel was just discussing, simply doesn't supply a cause of action here. The plain language of the statute applies only to wrongful actions taken by the IRS in connection with collection of attacks. Judge Wood, as you correctly pointed out, there is a distinct difference in the tax law between assessment and collection. And the taxpayer's argument here is that the IRS acted improperly in soliciting extensions of the limitations period, which then allowed it to make a proper assessment. That is a square challenge to assessment that is not covered by the plain language of the statute. Because it otherwise would have been barred by the limitation period. The person would have been, you know, free of the tax liability for that year. Correct. Had no one extended the limitations period. That's right. That's why it's an assessment-related thing, because you can't collect something you haven't assessed yet. Correct. Correct. And the taxpayers presumably knew they were presented with settlement agreements in 2003, well after the limitations period would have expired in the absence of those extensions. Presumably they knew that somebody connected to the partnership, the tax matters partner, had extended the limitations period. In the taxpayer's brief, they've discussed a lot about the plain language of the statute and quibbling with the legislative history. However, I've seen no response to our citation of, on page 27 of our brief, we cited three circuit courts that have squarely held that 7433 does not apply to assessment. It only applies to collection. That was the Shaw case from the Fifth Circuit, the Miller case from the Ninth Circuit, and the Gonsalves case from the First Circuit. The taxpayers have not addressed any of these cases in their reply brief. Now, on the other point, which he did not mention, they seem to be relying on the informal claim doctrine to address the alleged failure to exhaust on the refund claim. Correct. Under the informal claim doctrine, a taxpayer must timely file some sort of informal claim, some written document that provides the IRS with notice of their claim and sufficient detail to investigate the claim before the limitations period expires. So why isn't it enough in a complaint to say, we did that, given that we, even in the post-Twombly-Iqbal world, we don't require fact pleading, we don't require them to attach, you know, everything they ever said or submitted. Why is it enough to say we informally made this claim? Well, because that's not enough to meet the informal claim doctrine. The taxpayer also, and we dispute that the pleadings in the complaint were sufficient even on that first prong, because their complaint was essentially conclusory. Their complaint said the IRS was aware from writings and other documents that we were making this claim. That's a conclusory allegation. But even accepting that they had laid out enough to establish the timely filing of something informal, the informal claim doctrine also requires taxpayers to perfect their claim after the informal claim by filing a proper formal claim with the IRS. They concede that they have not done this. They don't allege it in their complaint. They conceded in their response to the government's motion to dismiss that they've never done it. And actually what they said to the district court was, district court, if you want us to do it, we can do it. So they have not met this essential second element of the informal claim doctrine. I assume it's at this point far too late to try? Correct. Yeah. Unless the court has any further questions on either of these two points, I will yield the remainder of my time. I see none. So thank you very much. Thank you. I'll give you another minute, Mr. Hepperwhite, although your time has expired. Three points. Counsel was arguing the facts of the case. I'd love to do it at another time. I'm not here for that. Second, the three cases that she cited did not discuss the meaning of in connection with. And in connection with is the linchpin. Under tax law, there may be a difference between collection and assessment, but in the English language, in connection with has a broad meaning. Finally, the legislative history says that the committee report decided that they did not want to make liability contingent solely upon reckless or intentional misconduct in connection with the determination of a tax. What they said was you have to attach to that starting the collection process. That is the no harm. So are you quoting that or is that your interpretation? No, no, no. I'm interpreting that because what is in the conference agreement says you won't have it just based alone on reckless or intentional misconduct. You have to attach to it what is in the statute. And my time is up. Thank you very much. We thank you. Thanks to both counsel. We'll take the case under advisement. We'll be in recess.